IN THE U.S. DISTRICT COURT
DISTRICT OF SOUTH DAKOTA

| | | |
|---|---|---|
| JOHN A. PORTER, | ) | CASE NO: 4:22-cv-4160 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | COMPLAINT |
| | ) | |
| TONY REZAC and ARI FLEET CORE & MAIN d/b/a CORE & MAIN, LP, | ) ) | |
| | ) | |
| Defendants. | ) | |

COMES NOW the Plaintiff, and for his cause of action alleges that:

1. Plaintiff, John A. Porter, is a citizen of the State of Washington, residing at 701 South Newport Avenue in Newport, Pend Oreille County, Washington. Plaintiff is a long distance truck driver who owns his own truck and leases it through various truck brokers.

2. Defendant, Tony Rezac, is a truck driver who works for Core & Main, LP, located at 2808 East Highway 44, Rapid City, South Dakota. Tony Rezac is a resident of Rapid City, South Dakota and a citizen of South Dakota.

3. Defendant, ARI Fleet Core & Main d/b/a Core & Main, LP, is a limited partnership with its headquarters and principal place of business at 4001 Leadenhall Road, Mount Laurel, New Jersey. Core & Main is a citizen of New Jersey. This is a suit between citizens of different states in which the amount in controversy is more than $75,000.00. The District Court has jurisdiction pursuant to 28 U.S. Code §1332.

4. Plaintiff was the owner of a 2004 Peterbilt truck tractor on January 17, 2020. Plaintiff was pulling a double-axle refrigerated cargo trailer loaded with apples bound for Western Provisions, Inc. at Sioux Falls, South Dakota. Plaintiff's truck was eastbound on Interstate 90 approaching the overpass near mile marker 183. The weather was overcast, it was misting and the temperature was hovering between 33 and 34 degrees Fahrenheit. Plaintiff was operating his vehicle at 40 miles per hour because he was anticipating that overpasses and culverts could be freezing at those temperatures.

5. As plaintiff's vehicle topped the overpass, defendants' truck and trailer came into view. The truck was a 2016 Ford F-550 towing a three-axle flatbed trailer. The rig had jackknifed just below the crest of the overpass and had come to a rest with the power unit headed

1

south and the trailer blocking both eastbound lanes.  Plaintiff struck the rear of defendant's trailer, went into the median of I-90 and stopped.

6. The above described collision was proximately caused by the negligence of the Defendant's driver, Tony Rezac, in the following particulars:

    a. He was operating his vehicle at a high and dangerous speed too fast for the conditions of the traffic, weather and road conditions then prevailing;

    b. He failed to have and maintain his vehicle under reasonable control;

    c. He stopped and left his vehicle standing on the main travelled portion of the roadway when, in the exercise of reasonable care, he could have parked and left it standing on the shoulder; and

    d. He failed to take reasonable measures to warn eastbound traffic that the eastbound lanes of Interstate Highway 90 were blocked.

7. As a proximate result of the collision, Plaintiff suffered a wedge fracture of his third lumbar vertebrae, bruises, abrasions and shock.  His Peterbilt, which had a fair and reasonable value of $73,474.28 before the collision, could not be economically repaired and after the collision had no value except for salvage.  It was sold for $10,200.00 less $4,057.65 for storage and teardown paid to Western Truck and Trailer, Sioux Falls, for a net salvage of $6,142.35, which was a fair and reasonable price considering the damage to the unit and the circumstances.  Plaintiff was damaged by the loss of a truck with a net value of $67,331.93.  Moreover, while plaintiff searched for a new truck, he rented a substitute truck, first from his broker at the rate of $950.00 per week and then from Peterbilt for $850.00 per week.  Plaintiff necessarily incurred the fair and reasonable total sum of $13,533.60 for the loss of use of the truck damaged in the accident.  Plaintiff located a replacement truck at a dealership in Norfolk, Nebraska in February of 2020 and was compelled to expend the further sum of $211.23 for temporary permits to drive the truck from Norfolk to Washington via Montana, Idaho, Washington and South Dakota.  To arrange for disposition of his cargo and the removal of his old truck and trailer from the median, plaintiff reasonably and necessarily incurred $10,176.07 in towing charges and $589.05 for lodging.  Plaintiff also expended $2,363.75 removing a refrigerator and inverter from his wrecked truck and installing it in his new truck.  Plaintiff needed cash to live on while seeing to the removal of the truck and trailer to Sioux Falls and incurred fees for advances from his broker of $50.00.  Plaintiff's 2017 Great Dane trailer was repaired after the collision at a cost of $6,099.57.  In addition, it cost $798.85 to tow the trailer

plus $1,773.22 for storage and additional towing.  Plaintiff's cargo of apples was slightly damaged, resulting in a cargo loss of $35.00.

      8.     Plaintiff's back was sore and painful during the time he spent tending to the above described details.  Plaintiff went to his doctor when he got back to Newport and reasonably and necessarily incurred $3,455.60 in medical expenses to diagnose and treat his back injury.

      9.     Plaintiff continues to have back pain and wears a back brace which partially relieves it.  Plaintiff has been advised that the vibrations, bumps and jars of his occupation contribute to the back pain and that it will gradually worsen as he ages.  Plaintiff suffers from pain, the apprehension of pain and mental and physical suffering and will continue to do so permanently.  Plaintiff's injury is permanent and will require medical treatment, medication and prosthetics to treat it or palliate it in the future.

      WHEREFORE, Plaintiff prays the Court for judgment in the amount of $97,711.23 special damages and such general damages as a jury may award.

                                       JOHN A. PORTER, Plaintiff.

                            By:     Mark D. Fitzgerald   .
                                  One of His Attorneys
                                  FITZGERALD, VETTER, TEMPLE,
                                  BARTELL & HENDERSON
                                  1002 Riverside Blvd., Ste 200
                                  P.O. Box 1407
                                  Norfolk, NE 68702-1407
                                  (402) 371-7770
                                  fitz@fvtlawyers.com

                                  and

                                  George H. Moyer
                                  MOYER, MOYER & LAFLEUR
                                  114 West 3rd Street, PO Box 510
                                  Madison, NE     68748-0510
                                  Phone (402) 454-3321
                                  geomoyer@moyermoyer.com

## JURY TRIAL REQUEST

Plaintiff requests a jury trial at Sioux Falls, South Dakota.

JS 44 (Rev. 04/21)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
JOHN A. PORTER

**(b)** County of Residence of First Listed Plaintiff: Pend Oreille County, WA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Mark D. Fitzgerald
1002 Riverside Blvd., Ste 200
P.O. Box 1407

### DEFENDANTS
TONY REZAC and ARI FLEET CORE & MAIN d/b/a CORE & MAIN, LP

County of Residence of First Listed Defendant: Pennington County, SD
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [ ] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [X] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [X] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [X] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS**
PERSONAL INJURY
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [X] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/ Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
Other:
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [ ] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/ Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*
- [X] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S. Code §1332
Brief description of cause:
Motor vehicle collision

## VII. REQUESTED IN COMPLAINT:
- [ ] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 97,711.23 plus general

CHECK YES only if demanded in complaint:
JURY DEMAND: [X] Yes [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: Nov 16, 2022
SIGNATURE OF ATTORNEY OF RECORD: *Mark D. Fitzgerald*

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____